IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-09233-8-RDD |
| | ) | |
| HAM'S RESTAURANTS, INC. | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

**MOTION OF THE BANKRUPTCY ADMINISTRATOR
FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Now comes the Bankruptcy Administrator for the Eastern District of North Carolina, and to respectfully move this court for an order appointing a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104. The Bankruptcy Administrator more fully supports this motion in the following:

1. On October 22, 2009, the debtor filed a voluntary petition for Chapter 11 relief.

2. On November 30, 2009, the debtor appeared at the 341 meeting, and on December 9, 2009, an order was entered to appoint an unsecured creditors committee.

3. Since the filing of the case, Mr. David Hall has acted as the debtor's proponent and has been employed as its president.

4. Mr. Hall has participated in an intake conference with the Bankruptcy Administrator on behalf of the debtor, and has been the person responsible to oversee the debtor's compliance with Local Rule 4002-1 and B.R. 4002.

5. The debtor's current sole shareholder is Chelda, Inc. Chelda, Inc.'s sole shareholder is Mr. Charles Erwin.

6. As required, Mr. Hall turned over the debtor's pre-petition bank records for the period of 12 months prior to filing. The bank records provided demonstrate co-mingling of funds from other sources and possible misconduct in the management of the debtor.

Specifically, during the months of May and June 2009, a sum of more than $6,000,000.00 was transferred out of the debtor's operating account to what the Bankruptcy Administrator considers insiders. The Bankruptcy Administrator believes that Mr. Erwin has a significant ownership interest in these insiders.

7. The Bankruptcy Administrator believes that these transfers were made during the time in which Mr. Erwin managed the debtor. At this time, the Bankruptcy Administrator does not believe that Mr. Hall had direct involvement in the financial aspects of the debtor when the transfers were made. However, he was part of the debtor's upper management when the transfers were made, and he has had a long and close relationship with Mr. Erwin.

8. The debtor has now agreed to assign the responsibility of investigating the pre-petition transfers to the unsecured creditors committee. Mr. George M. Oliver, Esq. is counsel for the committee, and is now undertaking serious investigation of the transfers.

9. On January 11, 2010, the debtor filed its monthly reports for October and November 2009. In review of the monthly reports, the Bankruptcy Administrator cannot determine whether this pre-petition mismanagement has ceased. For example, on November 2, 2009, a check for $50,000.00 was issued to the Barn Dinner Theater, which appears to be affiliated with Mr. Erwin. The monthly reports further did not provide complete bank statements for the months in question. The monthly reports cannot be reconciled with the bank statements or profit and loss statement provided. The monthly reports further did not provide the required breakdown of receivables and disbursements for each account, and did not detail the source of funds. Thus, the Bankruptcy Administrator cannot determine the true financial condition of the debtor from the reports.

10. The Bankruptcy Administrator further has concerns regarding Mr. Erwin's influence over the debtor. Under his guidance, the debtor accrued a massive tax liability, in

which he has also been assessed. Mr. Hall has a longstanding relationship with Mr. Erwin. The Bankruptcy Administrator believes that Mr. Erwin's influence over the direction of the debtor is still significant. If his influence exists, the success of this debtor's Chapter 11 is in serious doubt.

11. The Bankruptcy Administrator questions the capability of Mr. Hall to manage the debtor. As noted above, he may be influenced by Mr. Erwin. Further, Mr. Hall is admittedly not experience in managing a chain of restaurants. The majority of his pre-petition role with the debtor was that of the chief maintenance director of the debtor. Managing the maintenance of the debtor's stores and equipment is much different than managing the finances of the debtor. This lack of experience is clearly manifested in the monthly reports.

12. The Bankruptcy Administrator believes that if the debtor were properly managed, the debtor has a chance of succeeding. Prior to filing this motion, the Bankruptcy Administrator contacted Joseph Callaway to determine his willingness to possibly serve as trustee for the debtor. He expressed the willingness and a willingness to install a proper management team that could give the debtor a chance to succeed. The Bankruptcy Administrator further contacted the Internal Revenue Service and the unsecured creditors committee about the appointment of a trustee. Ms. Katherine Burnette of the I.R.S. expressed conditional approval for said appointment. Mr. George M. Oliver of the unsecured creditors committee further supported this measure.

13. The Bankruptcy Administrator asserts that the above allegations support the appointment of a trustee under 11 U.S.C. § 1104(a)(1), (a)(2), and (a)(3). The Bankruptcy Administrator believes that the current management team is not competent to manage the debtor, and that the debtor was grossly mismanaged prior to filing the petition. The Bankruptcy Administrator believes that the appointment of the trustee is in the best interest of all creditors.

The Bankruptcy Administrator further believes that there are grounds under 11 U.S.C. § 1112 to convert or dismiss the case.

WHEREFORE, the Bankruptcy Administrator prays for that Joseph Callaway be appointed as Chapter 11 Trustee of the debtor, and any other relief the court may deem just and equitable.

Respectfully submitted this 13th day of January, 2010.

/s/ Marjorie K. Lynch
Bankruptcy Administrator

By: /s/ C. Scott Kirk
C. Scott Kirk
Staff Attorney
NC Bar No. 40349

Office of the Bankruptcy Administrator
Eastern District of North Carolina
P.O. Box 3758
Wilson, North Carolina 27895-3758
252-237-6854

## CERTIFICATE OF SERVICE

I, C. Scott Kirk, of Post Office Box 3758, Wilson, North Carolina, 27895-3758, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served copies of the foregoing Response electronically upon the counsel of record and on the Debtors by depositing a copy thereof in the United States mail, first class, postage prepaid, addressed as follows:

William P. Janvier, Esq.
Attorney for Debtor

Katherine Burnette, Esq.
Attorney for I.R.S.

George M. Oliver, Esq.
Attorney for Ham's Unsecured Creditors Committee
*served electronically*

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 13th day of January, 2010.

/s/ C. Scott Kirk
C. Scott Kirk
Staff Attorney
Eastern District of North Carolina
Post Office Box 3758
Wilson, North Carolina 27895-3758
NC Bar No. 40349