**SO ORDERED.**

**SIGNED this 26 day of May, 2010.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

HAM'S RESTAURANTS, INC.                CHAPTER 11
                                       CASE NO. 09-09233-8-RDD
   DEBTOR

ORDER APPOINTING EXAMINER PURSUANT TO 11 U.S.C. § 1104

Pending before the Court is the Emergency Motion of the Bankruptcy Administrator for the Appointment of a Chapter 11 Trustee filed by the Bankruptcy Administrator on May 20, 2010 (the "Motion"). The Court conducted a hearing on the Motion in Wilson, North Carolina on May 24, 2010.

William P. Janvier, counsel for Ham's Restaurants, Inc. (the "Debtor"); S. Katherine Burnette, counsel for the Internal Revenue Service; George M. Oliver, counsel for the unsecured creditors; David Lennon, counsel for the North Carolina Department of Revenue; A. Lee Hogewood, counsel for Robert Irwin; Nigel B. Barrow, Jr., counsel for Hambone Dog Properties, LLC; Pamela W. McAfee, counsel for Sysco Corporation, and Scott Kirk, along with Parker Worth, counsel for the Bankruptcy Administrator, were present at the hearing.

Pursuant to the Motion, the Bankruptcy Administrator requested the appointment of a Chapter 11 Trustee pursuant to Section 1104(a)(1), (a)(2), and (a)(3). The Bankruptcy

Administrator alleges the Debtor has incurred a significant post-petition sales tax liability that remains unpaid. Several checks totalling approximately $230,000.00 were returned for insufficient funds. In addition, the Bankruptcy Administrator alleges that current management is not competent to manage the Debtor and make tough decisions on closing unprofitable restaurant locations. The Bankruptcy Administrator recommends the appointment of Peter Tourtelott of the turnaround management firm, Anderson Bauman Tourtellot Vos & Company, located in Greensboro, North Carolina as a Chapter 11 Trustee.

The Debtor opposes the appointment of a Chapter 11 Trustee. However, the Debtor does not oppose the appointment of an examiner. Furthermore, the Debtor agrees that the powers of the examiner be expanded such that the Debtor must fully and timely comply with any and all recommendations of the Court appointed examiner.

Therefore, based on the arguments of counsel and pursuant to Section 1104(a), the firm of Anderson Bauman Tourtellot Vos & Company, located in Greensboro, North Carolina is hereby appointed as an examiner with all the rights and duties provided in Sections 1104 and 1106 of the Bankruptcy Code. Such an appointment is for cause and is in the best interests of creditors and the estate.

The court-appointed examiner shall provide, file, and serve a written report and statement of investigation, on or before June 13, 2010, to all parties present at the hearing on May 24, 2010; to any party who has a filed request to receive any notices and pleadings filed in this case; and to those parties required to be served pursuant to Section 1106(a)(4)(B).

In addition, the Debtor and its employees shall fully cooperate with the examiner and provide the examiner full access to the books and records of the Debtor. Furthermore, the Debtor and

management of the Debtor shall implement and timely comply with all recommendations, suggestions, and proposals of the examiner, including but not limited to, the revisions of or establishment of new policies and procedures, modification of existing policies and procedures, liquidation of assets in accordance with the requirements of the Bankruptcy Code, cessation of operations at locations that the examiner deems appropriate, and termination of employees of the Debtor as necessary, and such other actions as the examiner deems in the best interests of the estate, creditors, and all parties in interest.

**SO ORDERED.**

**END OF ORDER**